04-CV-05838-CMP

ES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

FILED
RECEIVED
DEC - 3 2004
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

_Floyd L. Kimball_
(NAME OF PLANTIFF)

VS.

C04-5838 RBL/KLS

CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. 1983

~~[redacted]~~
_Steve Richmond_
_Michael Broasfield_

(NAME OF DEFENDANTS)

I.  PREVIOUS LAWSUITS:

   A. HAVE YOU BROUGHT ANY OTHER LAWSUITS IN FEDERAL COURT IN THE UNITED STATES WHILE A PRISONER: YES [X] NO [ ]

   B. IF YOUR ANSWER TO A IS YES, HOW MANY? : __2__
DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF MORE THAN ONE DESCRIBE LAWSUITS ON ANOTHER PIECE OF PAPER)

   1. PARTIES TO PREVIOUS LAWSUIT:

   PLAINTIFF
   _Floyd L. Kimball_

   DEFENDANT
   _Kitsap County Jail + Jefferson County Jail_

   2. COURT (GIVE NAME OF DISTRICT)

   _Western District of Washington District II_

3. DOCKET NUMBER
   _Don't remember_

4. NAME OF JUDGE TO WHOM CASE WAS ASSIGNED
   _Don't remember_

5. DISPOSITION (FOR EXAMPLE: WAS THE CASE DISMISSED AS FLIVOLOUS OR FAILURE TO STATE A CLAIM? WAS IT APPEALED? IS IT STILL PENDING?) _one was Flivolous + other was failure to state claim._

6. APPROXIMATE DATE OF FILING LAWSUIT
   _2002_

7. APPOXIMATE DATE OF DISPOSITION
   _2002_

II. PLACE OF PRESENT CONFINEMENT: _Jefferson County Jail_

   A. IS THERE A PRISONER GRIEVANCE PROCEDURE AVAILABLE AT THIS INSTITUTION? YES [X]   NO [ ]
   B. HAVE YOU FILED ANY GRIEVANCES CONCERNING THE FACTS RELATING TO THE COMPLAINT? YES [X]  NO [ ]

   IF YOUR ANSWER IS NO, EXPLAIN WHY NOT
   _____
   _____

   C. IS THE GRIEVENCE PROCESS COMPLETED? YES [X] NO [ ]

   IF YOUR ANSWER IS YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOLUTION FOR ANY GRIEVENCE CONCERNING FACTS RELATING TO THIS CASE.

II. PARTIES TO THE COMPLAINT

   A. NAME OF PLAINTIFF: _Floyd L. Kimball_ INMATE NO. _____
   ADDRESS: _81 Elkins Rd Port Hadlock WA 98339_
   C. NAME OF DEFENDANT: _Steve Richmond_ ~~Jefferson County Jail~~

OFFICIAL POSITION: Superintendent of Corrections

PLACE OF EMPLOYMENT: Jefferson County Jail

ADDRESS: 81 Elkins Rd Port Hadlock WA 98339

D. ADDITIONAL DEFENDANTS

Mike Brasfield Sheriff of Jefferson County

III. STATEMENT OF CLAIM

I, Floyd Kimball am presently, incarcerated in jail (Jefferson County Jail) and this is my statement of claim against Jail administration/Sheriff's Office. I have been in jail since Nov 7, 2004. I am presently Pro-Se, my own attorney, on cases out of Jefferson County District Court. I have been denied access to law books + legal materials twenty seven (27) days as of today December 1 2004. I have been denied access too up to date law books (ie RCWA, RCW, and WAC) and reference materials (ie case law, etc) I require to prepare a meaningful Pro-Se defense in my behalf. by jail administration (Steve Richmond) Jail superintendent has recieved many grievances reference this matter. My instututional file holds many grievances that I have turned in to no end, only to get told we are by law to provide access to phones, mail, + attorney client visits 24/7. I can't attach grievances because Jail will not make copies of anything except legal paperwork. It's in one of my grievances, in instututional file. I have wrote to Steve Richmond asking him if I can have legal materials brought to jail and be allowed my lap top to be brought to jail to draft legal papers (ie pleadings, motions, etc) but denies me access to law books and legal reference materials. I have wrote letters to the following local public officials (?) to no end, only to get told talk to Jail Administration or no response at all. Public officials listed above, would have records in their corraspondence file held by each department. Both kites + grievances have response from Steve Richmond Jail superintendent telling me to contact lawyer or public defenders Office they will provide research materials I require but with statement attached from public defenders office states different. I've wrote to Jefferson County Supreme court Clerk and I got told to talk to Jail administration. I've attached states opposition motion that clearly states Jefferson County Jail is one

suppose to provide legal materials to prisoners or inmates. If you get access to my present case #7299 DWLS 1° you will find I've complained about Jails (Jefferson County Jail) lack of legal materials provided to courts, as prisoners wanting to do research + Discovery and or file legal paperwork. I've been having this problem since Aug 2004 when I became Pro-Se on case stated above. Jail use to have PC terminal at jail prisoners had access to but it was broken or broke and that was back in Aug 2004 but still hasn't been fixed but every thing on it was out of date + only reference but it was better than nothing like jail provides now. Well that is my statement of claim against Jefferson County Jail, Jail Administration, + Jefferson County sheriff Mike Bransfield. Also attached copy of Pro-se Motion for Judicial Review and Declaration of me in support of motion for Judicial Review filed on Nov 30 2004 in Jefferson District Court.

## IV. RELIEF

I would like said court to order Jefferson County Jail to pay the sum of $50,080 Dollars to Floyd L Kimball for pain + suffering, Jails denial of access to adequate legal materials to him to prepare a meaningful defense in his behalf, for 30 days, as of date this was signed December 5th 2004.

I DECALARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
SIGNED THIS   5th   DAY OF   December  , 2004 .

_Floyd Kimball_
(SIGNATURE OF PLAINTIFF)

FILED
NOV 1 9 2004
JEFFERSON COUNTY
DISTRICT COURT

# IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
## IN AND FOR JEFFERSON COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>FLOYD KIMBALL,<br><br>Defendant. | Case No.: 7445<br><br>**STATE'S OPPOSITION TO MOTION OF DEFENDANT SEEKING ACCESS TO THE COUNTY LAW LIBRARY** |

Plaintiff, State of Washington, by and through its attorney, Deputy Prosecuting Attorney David Alvarez, comes before this Court to oppose the Motion of *pro se* Defendant Floyd Kimball seeking an Order providing Defendant with access to the County Law Library.

Note well that at this time Defendant is charged with Driving While Licensed Suspended, First Degree (Case #7299) and Bail Jumping Misdemeanor (Case #7445). Defendant states that he has been denied access to the legal documents he needs to prepare his defense. He seeks an Order from this Court that would require the Sheriff's Office to transport him from the County

---

STATE'S OPPOSITION TO MOTION OF
DEFENDANT SEEKING ACCESS TO THE
COUNTY LAW LIBRARY
Page 1

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse -- P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

1  Jail in Port Hadlock to the County Law Library, located inside the Superior Court Room in Port

2  Townsend, some 15 to 20 minutes away.

3      Only one appellate case from Washington appears to address the question of whether a

4  detainee or inmate is entitled to have access to the relevant County Law Library. That case is

5  *State v. Silva*, 107 Wn. App. 605, 27 P. 3d 663 (2001). There Division I concluded that there

6  had been no unconstitutional deprivation of Mr. Silva's due process rights when he was denied

7  access to the law library because he had been provided with copies of the court rules, the

8  applicable state laws and any case law he requested. But beyond the specific facts that led to that

9  holding, Division I established the following general rule:

> After full consideration of the factors outlined above, we conclude that article I,
> section 22 [of the WA State Constitution] affords a pretrial detainee who has
> exercised his constitutional right to represent himself, a right of reasonable access to
> state provided resources that will enable him to prepare a meaningful pro se defense.
> What measures are necessary or appropriate to constitute reasonable access lies
> within the sound discretion *623 of the trial court after consideration of all the
> circumstances, including, but not limited to, the nature of the charge, the complexity
> of the issues involved, the need for investigative services, the orderly administration
> of justice, the fair allocation of judicial resources (i.e., an accused is not entitled to
> greater resources than he would otherwise receive if he were represented by
> appointed counsel), legitimate safety and security concerns, and **675 the conduct
> of the accused. (footnotes omitted.) Id., at 622-23.

16  The core holding then is that the inmate who chooses to appear as his or her own attorney in a

17  criminal matter holds "a right of reasonable access to state provided resources that will enable

18  him to prepare a meaningful pro se defense." WAC 289-22-200(4)(a) dovetails with the

19  holding of *Silva* because it does not mandate that a pro se inmate must have access to the local

20  law library, instead stating that the "[w]hen adequate professional legal assistance is not

21  available to prisoners for purposes of preparing and filing legal papers, jail facility shall provide

| | |
|---|---|
| STATE'S OPPOSITION TO MOTION OF DEFENDANT SEEKING ACCESS TO THE COUNTY LAW LIBRARY<br>Page 2 | JUELANNE DALZELL<br>PROSECUTING ATTORNEY<br>FOR JEFFERSON COUNTY<br>Courthouse -- P.O. Box 1220<br>Port Townsend, WA 98368<br>(360) 385-9180 |

access to necessary law books and reference materials." The clear implication of *Silva* and the applicable WAC, since Mr. Silva did not suffer a constitutional violation when he was denied access to the law library because other mitigating steps were undertaken on his behalf, is that the trial court has full discretion to balance the applicable facts and come to a decision when an inmate requests access to a law library.

The facts before Your Honor today, when balanced, argue for denial of the request that this Defendant has made. There was, until recently, a computer terminal at the County Jail that was available to inmates for legal research. That computer terminal was sabotaged by unknown persons, but has been replaced by the Sheriff's Office and should be ready for use by the date this motion is heard, Wednesday, November 24, 2004. (Richmond Declaration.) Regarding the *Silva* factor that might be called "the orderly administration of justice," Jail Supervisor Richmond informs the Court in his Declaration that the recent settlement with the ACLU requires that two Correctional Officers be on the floor at all times, frequently leaving no other Correctional Officer available to transport this Defendant (or any other Defendant) to the County Law Library. Additionally, if a transport to the County Law Library did occur, then a Correctional Officer (or someone in law enforcement) would have to sit and watch while this Defendant (or any inmate) did his or her legal research. (Richmond Declaration.) Finally, there are legitimate security concerns and the conduct of the requesting party has been less than stellar, all additional *Silva* factors that argue against the granting of this Motion. Mr. Kimball has previously jumped bail, thus suggesting that he ignores court dates, represents a flight risk and

STATE'S OPPOSITION TO MOTION OF
DEFENDANT SEEKING ACCESS TO THE
COUNTY LAW LIBRARY
Page 3

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse — P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

1  has conducted himself in a manner that does not warrant the 'reward' of being outside of the
2  County Jail. (Richmond Declaration.)
3      For all of the above reasons, Mr. Kimball's Motion requesting a Court-ordered transport
4  to the County Law Library should be denied.

                              **DATED** this 19th day of November, 2004.

#29194

_David Alvarez_
DAVID ALVAREZ, WSBA #29194
Chief Civil Deputy Prosecuting Attorney
On behalf of Plaintiff, State of Washington

STATE'S OPPOSITION TO MOTION OF
DEFENDANT SEEKING ACCESS TO THE
COUNTY LAW LIBRARY
Page 4

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse -- P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

FILED
NOV 1 9 2004
JEFFERSON COUNTY
DISTRICT COURT

# IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
# IN AND FOR JEFFERSON COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>FLOYD KIMBALL,<br><br>Defendant. | Case No.: 7445<br><br>DECLARATION OF STEVEN RICHMOND IN SUPPORT OF THE STATE'S OPPOSITION TO MOTION OF DEFENDANT SEEKING ACCESS TO THE COUNTY LAW LIBRARY |

I, STEVE RICHMOND, do hereby declare as follows:

1. I am full age and am competent to make and sign this Declaration.
2. I make the following statements in this Declaration from personal knowledge.
3. I currently serve as the Jail Supervisor for the Jefferson County Jail located in Port Hadlock, Washington.
4. Mr. Kimball currently is an inmate at the Jefferson County Jail.
5. He is charged with DWLS in the first degree and Misdemeanor Bail Jumping.
6. Mr. Kimball has chosen to represent himself pro se, although he was offered legal representation from the office of the Clallam-Jefferson Public Defender. An attorney

DECLARATION OF STEVEN RICHMOND IN SUPPORT OF THE STATE'S OPPOSITION TO MOTION OF DEFENDANT SEEKING ACCESS TO THE COUNTY LAW LIBRARY
Page 1

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse – P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

from that office is his "backup" or "standby" attorney, offering technical advice, clerical assistance but not legal representation.

7. Mr. Kimball, is the moving party with respect to his Motion seeking an Order mandating that the Sheriff's Office transport him to the County Law Library.

8. As the Jail Supervisor I am fully familiar with the history behind this Motion filed by Floyd Kimball. Mr. Kimball asserts that he cannot adequately represent himself without access to legal documents and case law that would be available at the County Law Library.

9. However, until recently when the relevant PC terminal was sabotaged by unknown parties, the County Jail provided a PC terminal where inmates such as Mr. Kimball could perform legal research.

10. The sabotage to the PC terminal was so severe that the PC terminal was a total loss and the data stored there could not be retrieved or recovered by County staff.

11. The Sheriff's Office did purchase another PC terminal and County staff is downloading the necessary software on this date.

12. I am informed that, unless unexpected troubles arise, the new PC terminal will be fully 'loaded' and ready to be used by inmates for legal research before the hearing date for this Motion, which is Wednesday, November 24, 2004.

13. Separately from the County-owned PC established for inmates to perform legal research, Mr. Kimball has in the Jail his own laptop computer that allows him to generate documents.

14. Mr. Kimball will be able to do his legal research at the Jail, saving large amounts of County resources by doing so.

15. The trip from Port Hadlock to the County Law Library at the County Court House in Port Townsend can consume 15-20 minutes depending on traffic.

DECLARATION OF STEVEN
RICHMOND IN SUPPORT OF THE
STATE'S OPPOSITION TO MOTION OF
DEFENDANT SEEKING ACCESS TO
THE COUNTY LAW LIBRARY
Page 2

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse -- P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

16. That assumes that I have a Correctional Officer (or "CO") to spare for the transport, since a recent settlement in the 'ACLU lawsuit' requires that I have two CO on the floor of the Jail at all times. Often times I do not have a CO available for transport.

17. If I did have a CO available to transport Mr. Kimball or any other inmate to the County Law Library, then that CO would have to wait in Port Townsend while the inmate did his or her research unless there was a regularly-scheduled transport to and from the Jail to Superior Court on the same day.

18. The cost of a CO to the County per hour, including benefits, is anywhere between $16 and $22.

19. To have a commissioned Sheriff's Deputy 'babysit' an inmate doing legal research in the County Law Library would be more expensive per hour and would take that Deputy away from his or her other assigned job duties.

20. Mr. Kimball has previously jumped bail, thus showing disregard for the justice system.

21. By jumping bail Mr. Kimball has shown that he is a greater flight risk than other inmates and this conduct suggests that he is not entitled to be outside of the Jail confines.

22. I make this Declaration to oppose the Motion seeking an Order to Transport filed by Mr. Kimball.

I make this Declaration under penalty of perjury pursuant to the laws of the State of Washington.

PT. HADLOCK, WA 98339
PLACE AND DATE  11/19/04

STEVEN RICHMOND

**DECLARATION OF STEVEN RICHMOND IN SUPPORT OF THE STATE'S OPPOSITION TO MOTION OF DEFENDANT SEEKING ACCESS TO THE COUNTY LAW LIBRARY**
Page 3

JUELANNE DALZELL
PROSECUTING ATTORNEY
FOR JEFFERSON COUNTY
Courthouse — P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9180

**CLALLAM-JEFFERSON PUBLIC DEFENDER**
516 EAST FRONT STREET
PORT ANGELES, WA 98362
(360) 452-3307
FAX (360) 452-3329

686 LAKE STREET, SUITE 100
PORT TOWNSEND, WA 98368
(360) 385-5613
FAX (360) 385-4012

TERRY L. MULLIGAN
Director

JOHN F. HAYDEN
HARRY D. GASNICK
RICHARD DAVIES
SUZANNE M. B. HAYDEN
RALPH W. ANDERSON
EDWARD B. DeBRAY
SCOTT M. CHARLTON
PAMELA D. LINDQUIST
Staff Attorneys

November 19, 2004

Floyd L. Kimball, Inmate
c/o Jefferson County Jail
81 Elkins Road
Port Hadlock, WA 98339

Re: **State of Washington v. Floyd L. Kimball**,
    **Jefferson County District Court Cause No. 7299**

Dear Mr. Kimball,

This letter is written in response to your letter dated November 18, 2004, in which you inquire if the public defender's office was interested in donating any law books to the Jefferson County Jail for inmate use. Unfortunately, we have a "shoe string" library and are unable to do so. The majority of the legal research done in this office is done on-line.

The policy of this office for pro se defendants who indicate, both to this office and the court, that they do not want the assistance of the public defender's office, is that we will not perform legal research for them. One reason for this policy is that in the past, the legal assistants in the office have been named in complaints to the Washington State Bar Association as practicing law without a license.

However, at the direction of the staff attorneys, we will assist with forms, answer questions regarding procedure if we can and facilitate filing pleadings with the court.

Sincerely,

Carolyn Costain
Legal Assistant

:cc

11/18/04

To Whom it may concern,

Would the Jefferson County Public Defenders Office be intrested in donating any old law books, have laying around the office?

I'm writing to local law firm to request if they would be interested in donating any old law books to Jefferson County Jail.

Jefferson County Jail does not offer any thing in the form of law books or reference materials for Pro-Se inmates to do case research + Discovery. When as about how gain access to law books at Jail "get told to contact Public Defenders Office". When contact Public Defenders Office get told don't copy case law, do research on case or cases for pro-se.

Well who's at fault??? Jail or Lawyer's???

I believe Jails at fault reference case law case. <u>State vs. Silva   No. 45371-8-I   Division I   July 30, 2001   107 Wn. App. 605, 27 P.3d 663</u>

RE: Page 629 In State vs Bebb + (WAC) Washington Administrative Code 289-22 + RCW 70.48.180 + RCW 72.09.190 Legal services for inmates.

This is all reference materials going to be brought up on the 24th hearing.

pg 1 of 2

contiued:
    Judge Huth ~~will~~ will be informed on all information I plan on bring up at said court date.
    Thank you for time. Please return with answer.

                      Sincerely
                      Mr. Floyd Kimball
                      Pro-Se Defendant

P.S. The more information the better.

My address is
Floyd Kimball
81 Elkins Rd
Port Hadlock WA 98339



## THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### COUNTY OF JEFFERSON

CRADDOCK D. VERSER, JUDGE
SUPERIOR COURT
P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9125

MARIANNE WALTERS
COURT ADMINISTRATOR/COUNTY CLERK
P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9125

November 22, 2004

Floyd L. Kimball
c/o Jefferson County Jail
81 Elkins Road
Port Hadlock, WA 98339

RE: Law Library Questions

Dear Mr. Kimball:

I am in receipt of your letter dated November 16th and received in my office on November 19th. You ask six questions regarding law library content and access, and I will answer them in the order presented:

(1) You will have to direct this question to the Jail Administrator as it has nothing to do with the County Law Library.

(2) In the past, the old books were either given to the office of the public defender or to the jail, but that was discontinued about four years ago. Today, the County Law Library is completely electronic with a Westlaw connection.

(3) Not applicable as system is now on-line with Westlaw.

(4) You will have to direct this question to the Jail Administrator as it has nothing to do with the County Law Library.

(5) You will have to direct this question to the Jail Administrator as it has nothing to do with the County Law Library.

(6) I have attached hereto a copy of the "ledger" used to record accounts payable for the County Law Library.

Very truly yours,

MARIANNE WALTERS
Jefferson County Clerk

Enc.

```
                    IN AND FOR THE STATE OF WASHINGTON

                         IN THE COUNTY OF JEFFERSON


STATE OF WASHINGTON,              ) Case No. 7299 DWLS 1
                                  )
         Plaintiff,               ) PRO-SE MOTION: FOR JUDICIAL REVIEW
                                  )
     vs.                          )
                                  )
FLOYD L. KIMBALL,                 )
                                  )
         Defendant                ) CLERK'S ACTION REQUIRED
                                  )
```

YOU AND EACH OF YOU PLEASE TAKE NOTICE THAT I, THE PRO-SE DEFENDANT, FLOYD L. KIMBALL, HEREBY REQUEST SAID COURT ON PRO-SE MOTION TO DO A JUDICIAL REVIEW OF SAID CASE ON GROUND OF VIOLATION OF STATE CONSTUTITION ISSUES SET OUT IN SUBJOINTING DECLARATION IS SUBMITTED IN SUPPORT THEREOF.

Dated this 28th day of November, 2004

                                          Floyd L. Kimball
                                          FLOYD L. KIMBALL
                                          PRO-SE DEFENDANT

- 1

```
                    IN AND FOR THE STATE OF WASHINGTON

                         IN THE COUNTY OF JEFFERSON


STATE OF WASHINGTON,            ) Case No. 7299 DWLS 1
                                )
        Plaintiff,              ) PRO-SE MOTION: DECLARATION OF FLOYD
                                ) KIMBALL IN SUPPORT OF MOTION FOR
    vs.                         ) JUDICIAL REVIEW
                                )
FLOYD L. KIMBALL,               )
                                )
        Defendant               )
                                )
                                  CLERK'S ACTION REQUIRED
```

I, FLOYD KIMBALL, DO HEREBY DECLARE AS FOLLOWS:

1. I AM FULL OF AGE AND AM COMPENTENT TO MAKE AND SIGN THIS DECLARATION.

2. I MAKE THE FOLLOWING STATEMENTS IN THIS DECLARATION FROM PERSONAL KNOWLEDGE.

3. I AM PRESENTLY AN INMATE IN JEFFERSON COUNTY JAIL IN PORT HADLOCK WA.

4. I AM PRESENTLY CHARGED WITH CASES ( #7299 DWLS 1 AND #7445 BAIL JUMPING) OUT OF JEFFERSON COUNTY DISTRICT COURT, BOTH MISDEMEANORS.

5. I AM THE PRO-SE DEFENDANT MAKING SAID MOTION FOR JUDICIAL REVIEW OF CASES STATED ABOVE.

6. I THE DEFENDANT OF SAID CASES LISTED ABOVE CHOOSE TO REPRESENT MYSELF BY WAY OF PRE-SE, ALTHOUGH I WAS OFFERED LEGAL REPRESENTATION FROM THE OFFICE OF JEFFERSON-CALALLAM PUBLIC DEFENDERS. AN ATTORNEY FROM THERE OFFICE WAS APPOINTED AS MY "BACKUP" OR "STANDBY" COUNSEL, OFFERING TECHNICAL ADVISE, BUT NOT LEGAL REPRESENTATION.

7. I THE DEFENDANT, ARE THE MOVING PARTY WITH RESPECT TO THE MOTION SEEKING ACCESS TO THE COUNTY LAW LIBRARY IN SUPERIOR COURT ROOM IN PORT TOWNSEND

1  WA.IN WHICH THE DISTRICT COURT OF SAID COUNTY, DENIED ACCESS TO STATE
2  PROVIDED RESOURCES WHICH ARE LOCATED IN THE COUNTY COURTHOUSE.
3  8. A PRO-SE DEFENDANT CAN'T FULLY EXERICE HIS CONTUTITIONAL RIGHT OF SELF-
4  REPRESENTATION AS SETFOURTH IN THE SIXTH AMDEMENT, GUARANTEES RIGHT OF SELF-
5  REPRESENTATION AND ASSISTANCE OF LAWYER. STATE CONSTUTITION GUARANTEES A PRO-
6  SE DEFENDANT REASONABLE ACCESS TO STATE PROVIDED RESOURCES LOCATED IN
7  JEFFERSON COUNTY COURTHOUSE SUPERIOR COURT ROOM. A PRO-SE DEFENDANT CAN NOT
8  PREPARE A MEANINGFUL DEFENSE IN HIS BEHALF WITHOUT NECESSARY TOOL SET OUT IN
9  ( STATE VS SILVA 107 WN. APP. 605, 27 P. 3D. 663 (2001) ) WHICH COURT RELYIED
10 ON IT FOR GUIDEANCE IN DECIDING WHAT IS REASONABLE ACCESS TO NECESSARY TOOLS
11 TO PREPARE A MEANINGFUL DEFENSE. IN SILVA CASE IT GOES ON TO LIST TOOLS
12 REQUIRED TO PREPARE A MEANINGFUL DEFENSE. WHICH REALLY HAVE NOTHING TO DO
13 WITH THE COURTS EXCEPT THAT THE PRO-SE DEFENDANT IS SUPPLIED PROPER TOOLS TO
14 PREPARE A MEANINGFUL DEFENSE IN HIS OR HER BEHALF.
15 9. NECESSARY TOOLS ARE AS FOLLOWS:
16 a) Up to date law books (ie, RCW,WAC and RCWA)
17 b) Legal reference materials (ie, case law, etc.)
18 c) Paper and pencil
19 d) Copying service
20 e) Access to inmate telephone
21 f) Sherriff's Office to surve subpoena's
22 g) Coordination services through standby counsel
23 h) Blank subpoena forms
24 i) Postage
25 j) Access to notary
   k) Access to witness interviews

1  AS STATED IN SILVA CASE. AT NO TIME DID COURT BRING UP STATE CONSTUTITION
2  WHICH STATES UNDER WAC 289-22-200 SERVICES (4) (a) "WHEN ADEQUATE
3  PROFFESIONAL ASSISTANCE IS NOT AVAILABLE TO PRISONERS FOR THE PERPOSE OF
4  PREPAIRING AND FILING LEGAL PAPERS, JAIL (JEFFERSON COUNTY JAIL) FACILITY
5  SHALL PROVIDE ACCESS TO NECESSARY LAW BOOKS AND REFERANCE MATERIALS". SO SAID
6  COURT ERRORED IN DENING PRO-SE DEFENDANT ACCESS TO ADEQUATE ASSISTANCE OF
7  COUNSEL AND ACCESS TO STATE PROVIDED RESOURCES. WAC 289-22-200 SERVICES (4)
8  (a) DOVETAILS WITH THE HOLDING OF SILVA BECAUSE IT DOES NOT MANDATE THAT A
9  PRO-SE INMATE MUST HAVE PHYSCIAL ACCESS TO LOCAL COUNTY LAW LIBRARY, BUT IT
10 DOES MANDATE THAT A PRO-SE DEFENDANT BE PROVIDE NECESSARY LAW BOOKS AND
11 REFERANCE MATERIALS TO PREPARE A MEANINGFUL DEFENSE IN HIS BEHALF.
12 10. JEFFERSON COUNTY JAIL DOES NOT PROVIDE ACCESS TO ANY LAW BOOKS AND
13 REFERANCE MATERIAL, TO INCARASARATED INMATES SERVING TIME OR WAITING FOR
14 TRIAL. I HAVE TURNED IN GRIEVANCE'S ( JAIL COMPLAINT SYSTEM ) TO NO END
15 REFERANCE ACCESS TO LEGAL MATERIALS AND THE LIKE, ONLY TO GET TOLD TALK TO
16 YOUR LAWYER BY JAIL SUPERINDENT. ( STEVE RICHMOND ) SUPERINDENT  OF JAIL
17 STATED ON MANY OF MY GRIEVANCES THAT WE PROVIDE ACCESS TO COURTS BY:
18 a) ALLOWING PHONE ACCESS FROM 6am TO 10pm EVERY DAY OF THE WEEK
19 b) ALLOWING INCOMING MAIL FIVE DAYS A WEEK AND OUTGOING MAIL SEVEN DAYS A
20 WEEK
21 c) ALLOWING ACCESS TO CLIENTS BY ATTORNEYS 24/7
22 d) INMATES ARE ALLOWED TO HAVE PERSONNEL LEGAL MATERIALS BROUGHT TO JAIL BY
23 THEIR REPESENTATIVES.THE MATERIAL IS SUBJECT TO NORMAL JAIL SEARCH AND
24 RESTRECTIONS
25 JEFFERSON COUNTY JAIL'S SUPERINTDENT ( STEVE RICHMOND ) IS VIOLATING STATE
   CONSTUTITION, ACCESS TO COURTS, DUE PROCESS, AND EQUAL PROTECTION OF

- 3

1 PRISONERS RIGHTS. IT ONLY MAKES ME WONDER WHAT OTHER LAWS ARE JEFFERSON
2 COUNTY JAIL VIOLATING IN LIGHT OF WAC 289-22-200 THAT THERE OWN ATTORNEY (
3 DAVID ALVERAS )STATES "IN STATES OPPOSITION MOTION OF DEFENDANT SEEKING
4 ACCESS TO THE COUNTY LAW LIBRARY" AND HE IS THE DEPUTY PROSECUTING ATTORNEY
5 FOR JEFFERSON COUNTY.JAIL SUPERINTDENT ( STEVE RICHMOND ) KEEPS TELLING ME IN
6 MY GRIEVANCE RESPONSES THAT IT THE PUBLIC DEFENDERS OFFICE TO PROVIDE LEGAL
7 MATERIALS NOT THE JAIL. WELL THEY ARE APPOINTED AS MY STANDBY COUNSEL, AND
8 THEY WILL ASSIST WITH FORM, ANSWER QUESTIONS REGARDING PROCEDURE IF CAN AND
9 FACILITATE FILING PLEADING WITH THE COURT, NOT DOING ANY LEGAL RESEARCH, FOR
10 PRO-SE DEFENDANT, COURTS DECISION GREATLY PREJUICED THE DEFENDANT IN
11 PREPARATION FOR TRIAL. PUBLIC DEFENDER'S OFFICE STATED TO ME IT THE JAIL'S
12 (JEFFERSON COUNTY JAIL) RESPONSEABLITY TO PROVIDE ACCESS TO LAW BOOKS AND
13 LEGAL MATERIALS, AS STATED IN STATES OPPOSITION MOTION (CASE#7445 BAIL
14 JUMPING).
15 11. PLAINTIFF'S ACTIONS OR CONDUCT SUBSTANTALLY PREJUDICES THE PRO-SE
16 DEFENDANT'S ABILITY TO PREPARE A MEANINGFUL DEFENSE IN HIS BEHALF IN
17 PREPRAITION FOR TRIAL.
18 12. THE PRO-SE DEFENDANT, FLOYD L. KIMBALL, OF SAID MOTION HERBY REQUESTS
19 JEFFERSON COUNTY DISTRICT COURT TO DO A JUDICIAL REVIEW OF BOTH CASES (#7299
20 DWLS 1 AND #7445 BAIL JUMPING ) FOR CONSTUTITIONAL ERRORS OR ISSUES.
21
22                    Dated this 28th day of November, 2004
23                                    /s/ Floyd Kimball
24                                    FLOYD L. KIMBALL
                                       PRO-SE DEFENDANT
25

- 4