UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOYD L. KIMBALL,<br><br>               Plaintiff,<br><br>    v.<br><br>STEVE RICHMOND, *et al*,<br><br>               Defendants. | Case No.  C04-5838RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 3, 2005 |

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because of plaintiff's failure to notify the court of his current address.  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint for the reasons set forth below.

<u>DISCUSSION</u>

    On January 31, 2005, the court ordered plaintiff to cure certain deficiencies in his complaint by no later than March 2, 2005, or show cause why this matter should not be dismissed. (Dkt. #12).  On February 16, 2005, the court issued a minute order directing plaintiff to provide the court with one mailing address to which the court's orders could be sent by no later than April 15, 2005. (Dkt. #17).  The court issued that order because plaintiff previously had provided a notice of change of address in which he listed several addresses where he could be reached, but the majority of which turned out to be invalid.

    On  March 1, 2005, plaintiff filed a motion for extension of time, which was dated February 20, 2005, requesting additional time to respond to the court's order to show cause, because he would be out of the state and would not return until March 2005. (Dkt. #19).  The court granted plaintiff's motion, giving

ORDER
Page - 1

him a deadline of April 15, 2005, by which he had to provide the court with a notice of change of address listing one mailing address, and a response to the order to show cause. (Dkt. #20). Although one copy of the order granting the motion for extension of time that was sent to one of the three addresses previously provided by plaintiff was returned as undeliverable (Dkt. #22), the others apparently were not. To date, plaintiff has not responded to any of the court's orders.

Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the court has sent plaintiff its orders to the addresses provided to it by plaintiff, even though plaintiff has the responsibility for notifying the court of any change of address. The court is unaware of any other place of residence or confinement for plaintiff, and, as discussed above, plaintiff has failed to provide the court with a notice of a change in his mailing address or responses to any of its orders.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the court dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **June 3, 2005**, as noted in the caption.

DATED this 9th day of May, 2005.

Karen L. Strombom
United States Magistrate Judge